1

HONORABLE RONALD B. LEIGHTON

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10

SALVADOR ARREOLA-GUTIERREZ,

11

Petitioner,

12

v.

13

UNITED STATES OF AMERICA,

14

Respondent.

Case No. C09-5181RBL
Case No. CR07-5258

ORDER

15

16

17

THIS MATTER comes on before the above-entitled Court upon Defendant's Motion pursuant to

18

28 U.S.C. § 2255.  Having considered the entirety of the records and file herein, the Court finds and rules

19

as follows:

20

**I.  BACKGROUND**

21

On June 13, 2007, the defendant was charged, together with several co-defendants, with

22

conspiracy to distribute, and distribution of, methamphetamine in violation of 21 U.S.C. §§ 841(a)(1),

23

841(b)(1)(A), and 846.  Based on the charges in the Indictment, the defendant faced a statutory mandatory

24

minimum sentence of ten years, and a maximum sentence of life.

25

After a settlement conference with the Honorable Richard A. Jones, United States District Judge,

26

and pursuant to a plea agreement, the defendant entered a guilty plea to a Superseding Information

27

charging him with two counts of illegal use of a communication facility in violation of 21 U.S.C. §§

28

ORDER
Page - 1

1  843(b) and 843(d)(1).  Each count carried a statutory maximum penalty of four years for a total potential
2  maximum sentence of eight years.

3     On September 12, 2008 the Court sentenced the defendant to eight years, four years on each count
4  to run consecutively.  He filed a Notice of Appeal which he later dismissed.  This § 2255 motion was
5  timely filed.

6     Defendant alleges that his retained counsel, Anthony Grasher, provided him with ineffective
7  assistance of counsel.  He alleges that Grasher: (1) assured him he would be sentenced to four years in
8  prison; (2) allowed him to enter an involuntary guilty plea because Grasher was aware that the defendant
9  only pled guilty because of threats to his family; and (3) did not explore the possibility of having him
10 cooperate with the prosecution, which the defendant was willing to do.

11                              **II.  DISCUSSION**

12 **A.      The Defendant is Not Entitled to an Evidentiary Hearing.**

13    "When a prisoner files a § 2255 motion, the district court must grant an evidentiary hearing
14 [u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to
15 no relief."  *United States v. Chacon-Palomares*, 208 F.3d 1157, 1159 (9th Cir. 2000), *quoting* 28 U.S.C. §
16 2255.  In *Chacon-Palomares* the Ninth Circuit reversed the district court's denial of the defendant's
17 § 2255 motion without an evidentiary hearing.  Chacon-Palomares had supplied affidavits from two
18 individuals supporting his claim and the government presented an affidavit contradicting the claim.  The
19 Ninth Circuit reasoned that the district court was not entitled to assess the credibility of defendant's
20 affiants without holding a hearing.

21    Here, unlike in *Chacon-Palomares*, there are no competing affidavits.  Arreola-Gutierrez makes
22 unsupported allegations about what his attorney said or did which are contradicted by Grasher's affidavit
23 and declaration, the written plea agreement, and by the defendant's answers under oath to the Court's
24 questions during his change of plea colloquy.  The Court is entitled to rely upon the truth of defendant's
25 sworn statements as opposed to his subsequent unsupported attack on his sentence.  *Blackledge v. Allison*,
26 431 U.S. 63, 73-74 (1977) ("Solemn declarations in open court carry a strong presumption of verity.  The
27 subsequent presentation of conclusory allegations unsupported by specifics is subject to summary
28 dismissal, as are contentions that in the face of the record are wholly incredible."); *see also United States*

 ORDER
Page - 2

1 | *v. Rivera-Ramierez*, 715 F.2d 453, 458 (9th Cir. 1983).

2 | The record clearly demonstrates that the defendant's claims of ineffective assistance of counsel

3 | are without merit; therefore, no evidentiary hearing is required.

4 | **B.** **The Defendant Did Not Receive Ineffective Assistance of Counsel.**

5 | The defendant's claim that his conviction and sentence must be vacated because he received

6 | ineffective assistance of counsel is evaluated under the standard articulated by the Supreme Court in

7 | *Strickland v. Washington*, 466 U.S. 668 (1984). To establish constitutionally ineffective assistance of

8 | counsel under *Strickland*, the defendant must show that his counsel's performance was inadequate and

9 | that inadequate performance prejudiced the defendant. In order to demonstrate inadequate performance,

10 | the defendant must show that "counsel's representation fell below an objective standard of

11 | reasonableness." *Id*., at 688. This Court's "scrutiny of counsel's performance must be highly

12 | deferential[]" and the Court "must indulge a strong presumption that a counsel's conduct falls within the

13 | wide range of reasonable professional assistance." *Id*., at 689. In the context of a counseled plea of

14 | guilty, *Strickland's* second prong of "prejudice" is satisfied only if the defendant can show "that there is a

15 | reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have

16 | insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

17 | **1.** **The record does not support the defendant's claim that his counsel "assured" him that he would be sentenced to four years.**

18 |
19 | The defendant's first allegation of ineffective assistance of counsel - - that his counsel "assured"

20 | him that he would be sentenced to four years and not the eight years he received, is clearly refuted by the record. First, the plea agreement signed by the defendant contains the following provision:

21 |
22 | 10. Agreement Regarding Consecutive Sentences. The parties agree to recommend to the Court at the time of sentencing that the sentences for Counts 1 and 2 shall run consecutively. As a result, Defendant
23 | would face a total statutory maximum sentence of eight (8) years at sentencing. The parties are free to recommend whatever sentences
24 | they feel are appropriate.

25 | Second, at defendant's change of plea hearing before the Honorable James P. Donohue, United

26 | States Magistrate Judge, the following colloquy took place:

27 | THE COURT: And in section 10 of the agreement, you and the government have both agreed that you will recommend to the Court that
28 | the sentences for count 1 and count 2 run consecutively. Is that your understanding?

ORDER
Page - 3

1            DEFENDANT ARREOLA-GUTIERREZ: Yes.

2            THE COURT: And do you understand that when I say that they
will            run consecutively, that means that one sentence will run before the - - and
3            go to its end before the second sentence starts to run?  Is that what you –

4            DEFENDANT ARREOLA-GUTIERREZ: Yes.

5            THE COURT: Okay.  And as a result of that, you would be facing a
             total statutory maximum sentence of eight years at the time of sentencing.
6            Is that your understanding?

7            DEFENDANT ARREOLA-GUTIERREZ: Yes.

8    The defendant was under oath.

9          Finally, the defendant argues that a letter sent to him by his counsel proves that he was promised

10   a four year sentence.  In pertinent part the letter states: "There is a new issue that I will be coming to

11   speak to you about that could reduce your sentence down to 48 months; the U.S. Attorney, and the DEA

12   would be willing to tell the judge only 48 months."  However, as can be inferred from the letter and as

13   Grasher's declaration makes clear, the 48-month recommendation would be based on the defendant's

14   cooperation.  Furthermore, this letter was written and received after the defendant pled guilty so it could

15   not have induced the defendant into pleading guilty.

16         Based upon the plea agreement and the colloquy, it is clear that the defendant knew he was facing

17   more than four years.  This conclusion is further supported by the letter from counsel which states that "a

18   new issue" has come up which "could reduce" the defendant's sentence to four years.  Therefore, the

19   record conclusively demonstrates that the defendant's first allegation of ineffective assistance of counsel

20   is without merit.

21         **2.       The record does not support the defendant's claim that his plea was involuntary.**

22         The defendant's second allegations of ineffective assistance of counsel - - that his attorney

23   "allowed" him to enter an involuntary guilty plea because his counsel was aware that the defendant only

24   pled guilty due to threats to his family, is refuted by the record.  The plea agreement signed by the

25   defendant contains the following provision:

26            15.    Voluntariness of Plea.  Defendant agrees that he has entered into
                    this Plea Agreement freely and voluntarily, and that no threats or
27                  promises, other than the promises contained in this Plea
                    Agreement, were made to induce Defendant to enter these pleas of
28                  guilty.

ORDER
Page - 4

1   Magistrate Judge Donohue specifically asked the defendant whether he had been forced to plead guilty

2   and if he had been threatened or pressured in any way to plead guilty.  Arreola-Gutierrez answered both

3   questions "No."  And, Grahser in his affidavit, uncontradicted by any other evidence, states that the

4   defendant never informed him of any threats to his family.

5          Based on the plea agreement, plea colloquy, and Grasher's uncontradicted affidavit, the record

6   conclusively demonstrates that defendant's second allegation of ineffective assistance of counsel is

7   without merit.

8   **3.       The record does not support the defendant's claim that his counsel failed to explore
              the possibility of cooperation.**

9
       The defendant's third allegation of ineffective assistance of counsel - - that his counsel did not
10
    explore the possibility of having him cooperate with the prosecution and which he was willing to do, is
11
    refuted by the record.  In Grasher's affidavit and in his supplemental declaration he states that he tried to
12
    get the defendant to cooperate, but that he refused stating he was not involved and had no information.
13
    The defendant presents no evidence other than his bald allegation to the contrary.  The allegation is
14
    clearly refuted by Grasher's sworn affidavit and supplemental declaration, and as such, the record
15
    conclusively demonstrates that the defendant's third allegation of ineffective assistance of counsel is
16
    without merit.
17
           Defendant's Motion pursuant to 28 U.S.C. § 2255 is **DENIED.**
18
           The Court declines to issue a certificate of appealability because the defendant has not made "a
19
    substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).
20
       **IT IS SO ORDERED.**
21
           The Clerk shall send uncertified copies of this order to all counsel of record, and to any party
22
    appearing pro se.
23
           Dated this 2nd day of April, 2010.
24

25

26                                          _____
                                            RONALD B. LEIGHTON
27                                          UNITED STATES DISTRICT JUDGE

28

ORDER
Page - 5